ORIGINAL

CC lek

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

RANDALL Y.S. CHUNG    2929-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: info@triallawhawaii.com

Attorney for Defendant
LOUISE M. WISE



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 6 2006

at 9 o'clock and min A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATRICIA KETCHAM,                    )    CIVIL NO. 04-00746 LEK
                                     )
              Plaintiff,             )    DEFENDANT LOUISE M. WISE'S
                                     )    FINAL PRETRIAL STATEMENT;
       vs.                           )    CERTIFICATE OF SERVICE
                                     )
LOUISE M. WISE; JOHN DOES 1-10;      )
JANE DOES 1-10; DOE                  )
CORPORATIONS 1-10; DOE               )
PARTNERSHIPS 1-10; DOE NON-          )
PROFIT ENTITIES 1-10; and DOE        )
GOVERNMENTAL ENTITIES 1-10,          )
                                     )
              Defendants.            )
_____)

DEFENDANT LOUISE M. WISE'S
FINAL PRETRIAL STATEMENT

Comes now defendant LOUISE M. WISE (hereinafter referred to as "this Defendant"), by her attorneys, and, pursuant to LR 16.6 of the Rules of the United States District Court for the District of Hawai'i, and the Rule 16 Scheduling Order, filed on April 13, 2005, hereby submits the following Final Pretrial Statement.

## (A)    PARTY

This Final Pretrial Statement is respectfully submitted on behalf of Defendant LOUISE M. WISE.

## (B) JURISDICTION AND VENUE

This action was commenced in the Circuit Court of the Fifth Circuit, State of Hawaii, as Civil No. 04-1-0132, on November 1, 2004, by Plaintiff PATRICIA KETCHAM.  This Defendant was served with a copy of the Complaint and Summons by certified mail on December 13, 2004, and filed a Notice of Removal on December 27, 2004.

This Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, because the amount in controversy is reasonably believed to be greater than $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and this Defendant.  This Defendant is currently a

resident of the State of Oregon. Plaintiff alleges that she is a resident of the State of Hawai'i .

## (C) SUBSTANCE OF ACTION

Plaintiff alleges negligence on the part of this Defendant.

This Defendant denies any allegations of negligence on her part. Additionally, the following affirmative defenses have been asserted:

1.  The Complaint fails to state a claim against this Defendant upon which relief can be granted.

2.  Plaintiff willingly, knowingly or voluntarily assumed the risk of the accident and any injuries and/or damages she may have sustained as alleged in the Complaint.

3.  If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused or contributed to by negligence on the part of Plaintiff.

4.  This Defendant was not a substantial factor in causing the accident, injuries and/or damages alleged in the Complaint.

5.  Plaintiff's claims are barred by Chapter 294, Hawaii Revised Statutes, as amended, now renumbered as Chapter 431, Article 10C of the Hawaii Revised Statutes, as amended.

6. Plaintiff's claims are barred by the operation of the doctrine(s) of laches, waiver or estoppel.

7. Plaintiff has failed to name or join certain necessary or indispensable party or parties to this action.

8. The allegations set forth in the Complaint do not warrant an award of prejudgment interest.

9. Plaintiff has failed to mitigate her damages.

10. The alleged acts, or omissions to act, on this Defendant's part, as set forth in the Complaint, do not warrant an award of punitive damages.

11. Insufficiency of process, insufficiency of service of process, lack of jurisdiction over the person, and Plaintiff's claims are barred by the applicable statute(s) of limitations.

## (D) UNDISPUTED FACTS

1. The residency of the parties.

2. Diversity of jurisdiction.

## (E) DISPUTED FACTUAL ISSUES

1. The negligence of this Defendant.

2. The nature and extent of Plaintiff's injuries/damages.

3. Apportionment of damages.

4. Reasonableness of amounts claimed for special and general damages.

**(F) RELIEF PRAYED**

    1.  Finding of no negligence on the part of this Defendant.

**(G) POINTS OF LAW** A concise statement of each disputed point of law with respect to liability and relief, with reference to statutes and decisions relied upon. Extended legal argument is not to be included in the pretrial statement.

    1.  <u>Negligence</u>

    "Tersely stated, the elements of a cause of action founded on negligence are:

        1.    A duty or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks[;]

        2.    A failure on the [defendant's] part to conform to the standard required: a breach of the duty . . . [;]

        3.    A reasonably close causal connection between the conduct and the resulting injury. . . . [and]

        4.    Actual loss or damage resulting to the interests of another. . . . "

<u>Knodle v.  Waikiki Gateway Hotel, Inc.</u>, 76 Haw.  376, 384-385 (1987) *citing* W.P. Keeton, <u>Prosser and Keeton on the Law of Torts</u> §30 at 164-65 (5th ed.  1984).

    Plaintiff has the burden of proving each element of negligence.  (<u>See</u> <u>Harris v.  State</u>, 1 Haw. App.  554 (1981)).

2. <u>Damages</u>

In order to recover damages, a plaintiff has the burden of proving that the damages were legally caused by a defendant's negligence. See e.g., <u>Gibo v. City & County of Honolulu</u>, 51 Haw. 299, 459 P.2d 198 (1969).

The extent of plaintiff's damages, if any, must be shown with reasonable certainty and that excludes any showing or conclusion founded upon speculation or guess. <u>See</u> <u>Azer v. Myers</u>, 8 Haw. App. 86, 126-27, 793 P.2d 1189, 1213 (1990); <u>Burgess v. Arita</u>, 5 Haw. App. 581, 588-89, 704 P.2d 930, 936 (1985); <u>Uyemura v. Wick</u>, 57 Haw. 102, 111, 551 P.2d 171, 177 (1976); <u>Ferreira v. Honolulu Star-Bulletin, Ltd.</u>, 44 Haw. 567, 576, 356 P.2d 651, 656 (1960).

In an action to recover damages sustained by reason of a defendant's negligence, the plaintiff, in order to recover for expenses incurred for medical services, must show that such services were necessary and the charges therefor were reasonable. <u>Reinhardt v. County of Maui</u>, 23 Haw. 524 (1916).

3. <u>Apportionment of injuries/damages</u>

In <u>Montalvo v. Lapez</u>, 77 Haw. 282, 884 P.2d 345, <u>reh'g denied</u>, 77 Haw. 489 (1994), the Hawaiʻi Supreme Court held that it was unfair to hold a defendant responsible for a certain portion of the total damages suffered by a plaintiff which were not attributable to the defendant's negligence. The Court further held that a defendant cannot be held liable for damages caused by

subsequent accidents or incidents unless the accident at issue was the legal cause of the subsequent incidents. Where the trier of fact determines that subsequent incidents and resulting injuries were not caused by the accident at issue, then it must apportion damages to such subsequent injuries or conditions.

      4. <u>Future Medical Expenses</u>

      In order to recover damages for future medical expenses, Plaintiff must show that such expenses are "more <u>probable</u> than not," and not merely a possibility. <u>Leong v. Honolulu Rapid Transit Co.</u>, 52 Haw. 138, 143, 472 P.2d 505 (1970) (emphasis added).

      The fact-finder cannot consider Plaintiff's claim for future medical and hospital expenses if "there is <u>no estimate of the extent or probable cost</u> thereof." <u>Shover v. Iowa Lutheran Hospital</u>, 252 Iowa 706, 107 N.W.2d 85, 95 (1961) (emphasis added). A fact-finder cannot consider "future medical expenses <u>without an estimate of what they might be</u>. This is a matter which the [fact-finder] cannot compute blindly without expert testimony. It cannot be left to [his] speculation." <u>Lamont v. Independent School District No. 395</u>, 278 Minn. 291, 154 N.W.2d 188, 192 (1967) (emphasis added).

      "[P]roof of future medical expenses [is] insufficient as a matter of law where there [is] an absence of any evidence to the <u>necessity and cost</u> of such future medical treatment." <u>Jordan v. Bero</u>, 210 S.E.2d 618, 637 (W. Va. 1974) (emphasis

added).  The amount of such future medical expenses, as well as the

reasonableness of the amount of such expenses, cannot be inferred from past

medical bills.  <u>Id.</u>

     5.  <u>Reasonableness of medical damages</u>

     Plaintiff also bears the burden of establishing the reasonableness and

necessity of treatments with regard to her claims for special damages.  <u>Ho v.</u>

<u>Leftwich</u>, 88 Haw. 251, 256, 965 P.2d 793, 798 (1998).

     6.  <u>Wage Loss</u>

     Plaintiff bears the burden of establishing lost earnings with reasonable

certainty and an award for lost earnings cannot be based upon mere speculation or

guesswork.  <u>Tanuvasa v. City and County of Honolulu</u>, 2 Haw. App. 102, 115-17,

626 P.2d 1175, 1184-85 (1981).

**(H) PREVIOUS MOTIONS**

     None.

**(I) WITNESSES TO BE CALLED**

     1. James F. Scoggin III, M.D. is expected to testify as to the nature

        and extent of Plaintiff PATRICIA KETCHAM's injuries arising

        from the subject accident, as well the appropriateness of the

        treatment and medication provided, and apportionment of injuries.

2. Dirk von Guenthner is expected to testify as to the extent of Plaintiff PATRICIA KETCHAM's wages allegedly lost arising from the subject accident.

3. Carl O.M. Ho, M.D. is expected to testify as to the nature of the treatment rendered to Plaintiff PATRICIA KETCHAM by Dr. Terry Smith, especially epidural injections.

## (J) EXHIBITS, SCHEDULES, AND SUMMARIES

This Defendant respectfully reserves the right to utilize exhibits from sources including, but not limited to, the following for purposes of supporting her defenses as to liability, causation, and damages, and other relevant matters, to add or withdraw exhibits as appropriate, and to amend or supplement this exhibit list as may be appropriate and to utilize exhibits introduced by any other party. These exhibits are listed here for disclosure purposes, and are subject to the preparation of trial exhibit lists.

1.    Various Medical Records.

2.    Medical Examination report by Dr. James Scoggin III, M.D., dated December 13, 2005.

3.    Report by Dirk von Guenthner, dated December 21, 2005.

4.    Plaintiff's Response to Defendant Louise M. Wise's First Request for Answers to Interrogatories. The purpose of this exhibit is

to demonstrate Plaintiff's condition and credibility.  Sponsoring
Witness: Plaintiff.

5.    PowerPoint and/or other computer/projector presentation – to
be presented in closing argument and/or for demonstrative evidence
purposes.

This Defendant reserves the right to utilize any and all documents
produced by Plaintiff in this case, and/or deposition exhibits to any deposition in
this case, and to add exhibits, for purposes of impeachment and/or rebuttal and/or
exhibits gathered in the course of continuing discovery.

## (K) FURTHER DISCOVERY OR MOTIONS.

This Defendant seeks to depose Thomas Loudat, Ph.D., and various
personnel from Kauai Medical Clinic as to Plaintiff PATRICIA KETCHAM's
wage loss claim.

No other discovery or motions remain outstanding.  However, this
Defendant reserves her right to bring motions in limine, including, but not limited
to, reference to insurance coverage, or the settlement of Plaintiff's husband's
claims, during trial.

**(L) STIPULATIONS.**

       1.  This Defendant is willing to stipulate as to the authenticity of certain medical records, but, as yet, there has been no such stipulation.

**(M) AMENDMENTS, DISMISSALS.**

      None.

**(N) SETTLEMENT DISCUSSION.**

      The parties have participated in a settlement conference, without success.

      There are no further settlement or mediation conferences scheduled, at this time. However, this Defendant would be willing to participate in a further settlement conference, and believes that a further settlement conference may be fruitful.

**(O) AGREED STATEMENT**

      Presentation upon an agreed statement of facts would not be feasible, nor desired by this Defendant.

**(P) BIFURCATION, SEPARATE TRIAL OF ISSUES**

      Bifurcation is not necessary nor desired.

**(Q) REFERENCE TO MASTER OR MAGISTRATE JUDGE**

This Defendant is agreeable to a referral of this case to a magistrate judge.

**(R) APPOINTMENT AND LIMITATION OF EXPERTS**

A court-appointed impartial expert witness is not desired by this Defendant.

A limitation of the number of expert witnesses is not desired by this Defendant.

**(S) TRIAL**

Trial in this matter is scheduled to begin on March 7, 2006. A demand for jury trial has been made.

**(T) ESTIMATE OF TRIAL TIME**

This Defendant estimates that trial in this case will take approximately 4 days.

**(U) CLAIMS OF PRIVILEGE OR WORK PRODUCT**

None.

**(V) MISCELLANEOUS**

None.

DATED: HONOLULU, HAWAII,    January 6, 2006

RANDALL Y.S. CHUNG
Attorney for Defendant
LOUISE M. WISE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICIA KETCHAM, | ) | CIVIL NO. 04-00746 LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| LOUISE M. WISE; JOHN DOES 1-10; | ) | |
| JANE DOES 1-10; DOE | ) | |
| CORPORATIONS 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; DOE NON- | ) | |
| PROFIT ENTITIES 1-10; and DOE | ) | |
| GOVERNMENTAL ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on the following attorney(s) by hand delivering same or by placing the same in the United States mail, postage prepaid, on this 6th day of January, 2006.

IAN L. MATTOCH, ESQ.
STUART KODISH, ESQ.
Suite 1835, Pacific Guardian Center
737 Bishop Street
Honolulu, HI 96813
Attorneys for Plaintiff

DATED: HONOLULU, HAWAII,    January 6, 2006

RANDALL Y.S. CHUNG
Attorney for Defendant
LOUISE M. WISE